UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BENNETT,

          Petitioner,

v.                             Case No. 24-cv-13344
                             HON. MARK A. GOLDSMITH

ERIC RARDIN,

          Respondent.

_____/

**OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND (2) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Robert Bennett, (Petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' (BOP) refusal to apply his earned time credits under the First Step Act (FSA) toward early release to pre-release custody.

For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily denied.

**I. BACKGROUND**

Petitioner pleaded guilty in the United States District Court for the Southern District of Georgia of one count of Possession With Intent to Distribute a Controlled Substance (50 Grams or More of Methamphetamine), contrary to 21 U.S.C. § 841(a)(1), and one count of Possession of a Firearm in the Furtherance of a Drug Trafficking Crime, contrary to 18 U.S.C. § 924(c). See United States v. Bennett, No. 5:19-cr-00004 (S.D. Ga.). Petitioner was sentenced on December 3, 2019 to fifty five months in prison on the drug conviction and received a consecutive sixty month

sentence on the firearms conviction, for an aggregate sentence of one hundred and fifteen months. See Judgment of Sentence, No. 5:19-cr-00004, Dkt. No. 48.[1]

Petitioner seeks habeas relief, claiming that the BOP has arbitrarily denied him his earned time credits toward early release to supervised release or pre-release custody under the First Step Act.  Petitioner argues that he completed his sixty month sentence for his firearms conviction in April of 2023, which had run consecutively to his other sentence and he is now eligible to receive his FSA credits. Petitioner argues that the BOP's decision to deny him FSA credits is invalid in light of the Supreme Court's recent holding in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), which overruled the Supreme Court's earlier case of Chevron. Although Petitioner does not clearly articulate this point, he essentially argues that Loper Bright invalidates the BOP's interpretation that it can aggregate consecutive sentences like the one Petitioner received in order to deny FSA credits to a federal inmate.

## II. ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to

---

[1] The Court obtained some of the information concerning Petitioner's conviction and sentence from the CM/ECF website for the United States District Court for the Southern District of Georgia. https://gasd-ecf.sso.dcn/cgi-bin/DktRpt.pl?135496365687521-L_1_0-1.    Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See Daniel v. Hagel, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); United States ex. rel. Dingle v. BioPort Corp., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

federal habeas relief. See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing §

2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they

"disapprove the practice of issuing a show cause order [to the respondent] until after the District

Court first has made a careful examination of the petition." Allen v. Perini, 424 F.2d 134, 140 (6th

Cir. 1970).

A district court therefore has the duty to screen out any habeas corpus petition which lacks

merit on its face. Id. at 141.  No return to a habeas petition is necessary when the petition is

frivolous, or obviously lacks merit, or where the necessary facts can be determined from the

petition itself without consideration of a return by the state. Id.  District courts have used Rule 4

of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under

§ 2241. See, e.g., Perez, 157 F. Supp. 2d at 796(additional citations omitted).  The petition is

subject to summary dismissal because it is facially insufficient to grant habeas relief. See

Alexander v. N. Bureau of Prisons, 419 F.  App'x. 544, 545 (6th Cir. 2011).

A conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug

trafficking crime, like the one Petitioner was sentenced for, renders a defendant ineligible to

receive earned time credits under the First Step Act, because prisoners are not eligible to receive

these earned time credits if they are serving a sentence for certain convictions, including a

conviction under § 924(c). See Keeling v. Lemaster, No. 22-6126, 2023 WL 9061914, at * 1 (6th

Cir. Nov. 22, 2023)(citing 18 U.S.C. § 3632(d)(4)(D)(xxii)).  Petitioner, however, argues that he

finished his sentence on his firearms conviction in April of 2023 and is thus no longer ineligible

to receive earned time credits under the First Step Act.  There are several problems with

Petitioner's argument.

3

First, although 18 U.S.C.A. § 924(c) requires that the five-year sentence for possession of a firearm in the furtherance of a drug trafficking crime must be served consecutively to other sentences, it does not mandate that the five-year sentence for the firearms conviction be served prior to other related federal sentences. See United States v. Gonzales, 520 U.S. 1, 6 (1997). Moreover, as discussed below, multiple terms of imprisonment, whether served consecutively or concurrently, are not considered "separate and distinct" from each other. Instead, they are treated "as a single, aggregate term of imprisonment." Id. at 8 (quoting 18 U.S.C. § 3584(c)). "A defendant serving multiple terms of imprisonment does not necessarily serve a particular term first." Brewer v. Harrison, No. 2:24-CV-2305-SHL-ATC, 2024 WL 4859101, at *2 (W.D. Tenn. Nov. 21, 2024). While it would no doubt benefit Petitioner to argue that he served his firearms sentence first, "it would be impossible [for this Court] to determine which sentence [Petitioner] started serving first." Id.

Second, even if Petitioner had served out his sentence on his firearms conviction, he would nonetheless be ineligible to receive FSA credits. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). "Although multiple terms of imprisonment are not aggregated in all contexts, aggregation is explicitly applicable in the administrative context of consolidating a prisoner's consecutive sentences." Martinez v. Rosalez, No. 23-50406, 2024 WL 140438, at * 3 (5th Cir. Jan. 12, 2024). The Sixth Circuit in Keeling held that the district court on initial screening properly denied the habeas petition after finding that the petitioner was ineligible for earned time credit under the FSA because his aggregate sentence includes a sentence for a § 924(c) conviction that was ordered to be served consecutive to other sentences from the same case. Keeling, 2023 WL 9061914, at * 1. Other circuits have reached the same conclusion. See Sok v.

4

Eischen, No. 23-1025, 2023 WL 5282709, at * 1 (8th Cir. Aug. 17, 2023)(district court did not err in denying the habeas petition, as the BOP correctly treated petitioner's prison terms as a single aggregated sentence for all 3 offenses, which included his firearms conviction § 924(c), and therefore properly denied him FSA credits); Teed v. Warden Allenwood FCI Low, No. 23-1181, 2023 WL 4556726, at * 2 (3d Cir. July 17, 2023), cert. denied 144 S. Ct. 873 (2024)(affirming district court's denial of inmate's § 2241 petition seeking earned time credit under the FSA where inmate's consecutive sentences from two separate cases included one for a disqualifying conviction under § 3632(d)(4)(D)).

Petitioner, however, argues that the BOP's interpretation of federal statutes to aggregate his sentences for the purpose of denying him FSA credits is now invalid in light of the Supreme Court's recent decision in Loper Bright. 603 U.S. 369. Loper Bright overruled the Supreme Court's decision in Chevron v. Nat'l Resources Defense Council, Inc., 467 U.S. 837, 844 (1984), which had held that a federal agency's interpretation of a federal statute ordinarily is entitled to deference. In Loper Bright, the Supreme Court held that a federal court can no longer defer completely to a federal agency's interpretation of the law merely because a statute is ambiguous. Id. at 2273. The Court in Loper Bright, however, indicated that a federal agency's interpretation of a statute within its area of expertise is still relevant: "[C]ourts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes. Such interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance[.]'" Id. (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)). Finally, even after the Loper Bright decision, federal courts should still defer to a federal agency's interpretation of a statute when it expressly delegates interpretive authority to an agency or when

5

the statute allows the agency to "fill up the details of a statutory scheme." Id. at 2263 (citation and internal quotations omitted).

Petitioner is unable to avail himself of the Loper Bright decision to obtain habeas relief for several reasons.

First, assuming that the Loper Bright decision is even applicable to the BOP's decision to aggregate consecutive sentences for FSA credit purposes, a federal court cannot use Loper Bright to overturn any prior cases that relied on the Chevron framework to find that a federal agency's actions were lawful because those holdings are still subject to statutory stare decisis despite the Supreme Court's change in "interpretive methodology." Loper Bright, 603 U.S. at 412.  As the Sixth Circuit recently noted, "while Loper Bright opens the door to new challenges based on new agency actions interpreting statutes, it forecloses new challenges based on specific agency actions that were already resolved via Chevron deference analysis." Tennessee v. Becerra, 117 F.4th 348, 363 (6th Cir. 2024)(emphasis in original). "The Supreme Court cautioned litigants hoping to rehash or relitigate previously settled issues decided on Chevron that '[m]ere reliance on Chevron cannot constitute a special justification for overruling such a holding.'" Id. at 364 (quoting Loper Bright, 603 U.S. at 412).  "Loper Bright unquestionably "overruled" Chevron, but that does not amount to a talismanic exception to res judicata." Doe v. Department of Health and Human Services, No. 1:24-CV-49-MJT-CLS, 2024 WL 4719612, at *5 (E.D. Tex. Nov. 8, 2024).

Petitioner's second problem is that none of the appellate court decisions mentioned above relied on a Chevron analysis in holding that it is proper for the BOP to deny FSA credits to a federal prisoner because he or she was serving a single, aggregated sentence that included a 924(c) conviction, which made the prisoner ineligible to earn time credits for his or her entire term of imprisonment.  This finding was based on the clear language in 18 U.S.C. 3584(c), as well as 18

U.S.C. § 3632(d)(4)(D), which explicitly states that an inmate serving time on a 924(c) conviction

is ineligible to earn time credits. Because a <u>Chevron</u> analysis was not even employed by the Sixth

Circuit in <u>Keeling</u> or by the other circuits to permit the BOP to deny FSA credits where an

aggregate sentence includes a disqualifying conviction, Petitioner cannot avail himself of <u>Loper</u>

<u>Bright</u> to obtain a different result. <u>See</u> <u>Silva v. Warden</u>, No. 5:22-CV-629-WFJ-PRL, 2024 WL

3597155, at * 1-2 (M.D. Fla. July 31, 2024).

Finally, Petitioner is not entitled to habeas relief because, even under <u>Loper Bright,</u> the

BOP's decision to aggregate consecutive sentences to deny Petitioner his FSA credits is

reasonable. Another district court judge recently rejected a similar argument that <u>Loper Bright</u>

precluded the BOP from aggregating separate convictions in order to determine FSA eligibility.

<u>Clinkenbeard v. King,</u> No. CV 23-3151 (JRT/LIB), 2024 WL 4355063, at *4 (D. Minn. Sept. 30,

2024):

> Here, the Attorney General and the Bureau of Prisons are entrusted with sole authority to compute federal sentences. 28 C.F.R. § 0.96; <u>United States v. Moore,</u> 978 F.2d 1029, 1031 (8th Cir. 1992). The First Step Act also expressly delegates at least some authority to the Attorney General and the Bureau of Prisons to fill up the details of the time credit system. 18 U.S.C. § 3632(a),(a)(6)(directing the Attorney General to develop a "risk and needs assessment system" that, among other things, will "determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities"); 18 U.S.C. § 3632(d)(4)(A)(ii)(giving further discretion to the Bureau of Prisons to dole out additional time credits to prisoners it deems are at lower risks of recidivating); <u>see</u> <u>also</u> <u>Mero v. Yates</u>, No. 2:22-72, 2022 WL 17653228, at *5 (E.D. Ark. Sept. 27, 2022)("The earned time credit program is new and multifaceted, and the authority to implement the program and calculate an inmate's time credits is delegated to the BOP, not the federal courts.").

<u>Id.</u>

The judge in <u>Clinkenbeard</u> also concluded that:

The legislative history [behind the First Step Act] also makes clear that Congress was worried about excluding classes of prisoners based on the crimes they

committed, not gaming out which particular segment of the sentence they were serving…and [H]aving scoured the First Step Act's Congressional record, the Court can find no language that implies Congress meant to bifurcate prison sentences into eligible and noneligible segments. Instead, the evidence is strong that Congress added the eligibility language as a compromise to ensure that if a prisoner had committed certain crimes, the general public would not be at risk of them leaving prison early.

Id. at * 4.

The judge in Clinkenbeard also cited to a number of pre-Loper Bright cases that had ruled that the BOP's decision to aggregate sentences to determine FSA eligibility was reasonable. Clinkenbeard, 2024 WL 4355063, at * 5 (collecting cases).  Finally, the judge noted that even in the aftermath of Loper Bright, courts have continued to conclude that the BOP's interpretation of the First Step Act to deny FSA eligibility to inmates serving aggregate sentences that include a disqualifying offense is both "reasonable and required" by statute. Id. (citing Hargrove v. Healy, No. 4:23-1857, 2024 WL 3992261, at * 5 (N.D. Ohio Aug. 28, 2024)).  The Court agrees with this analysis and concludes that Petitioner is not entitled to habeas relief on his claim.

### III.   ORDER

It is hereby ordered that the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is summarily denied.  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, see Witham v. United States, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant Petitioner leave to appeal in forma pauperis because any appeal would be taken in good faith. See Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**SO ORDERED.**

Dated: November 13, 2025                                    s/Mark A. Goldsmith
Detroit, Michigan                                                  MARK A. GOLDSMITH
                                                                          United States District Judge

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2025.

                                           s/Joseph Heacox
                                           JOSEPH HEACOX
                                           Case Manager